LAW OFFICE OF JEFFREY M. ISAACSON
2033 N. Milwaukee Ave #105
Deerfield, Illinois 60015
Tel: (312) 523-9636
Jeffrey M. Isaacson, Esq.
Email: lawofficejmi@gmail.com

GOLDING LAW OFFICE
161 N. Clark Street, Suite 1700
Chicago, Illinois 60601
Tel: (312) 832-7885
Richard Golding, Esq.
Email: rgolding@goldinglaw.net

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MIGUEL SANCHEZ and ALL ZION'S TOWING LLC<br><br>Plaintiffs,<br><br>v.<br><br>GRS RECOVERY, LLC, BYLINE AUTOMOTIVE, INC and IMPORT EXCHANGE, INC.<br><br>Defendants | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | **Document Electronically Filed**<br><br><br>Case No. 24 cv 05519<br><br><br>**COMPLAINT AND DEMAND FOR JURY** |

## INTRODUCTION

In this matter, Plaintiffs allege Defendant(s) have engaged in an odometer fraud scheme wherein Defendants were owners or former owners who sold a vehicle to Plaintiff knowing that the miles have been reported as significantly less than the actual mileage. Plaintiff continues to use and pay for the vehicle despite learning that the mileage was not properly reported, which is a violation of federal and state laws.

## I.       THE PARTIES

1.       Plaintiff, Miguel Sanchez ("Sanchez") currently residing in the City of Chicago, Illinois purchased one of the Defendant's vehicles.  At all times herein, Miguel Sanchez was the victim of odometer fraud, as set forth more specifically herein.

2.       Plaintiff, All Zion's Towing LLC ("All Zion's") is an Illinois limited liability company currently doing business in the City of Chicago, Illinois, which purchased a vehicle formerly owned by the Defendants. At all times herein, All Zion's was the victim of odometer fraud, as set forth more specifically herein.

3.       Defendant, Byline Automotive, Inc., ("Byline") is a dissolved  Illinois corporation with its principal place of business located at 19630 Ridgemont Dr., Tinley Park, Illinois.  At all times herein, Byline committed odometer fraud as set forth herein.

4.       Defendant, GRS Recovery, LLC ("GRS") is a New Hampshire limited liability company with its principal place of business located at 4 Owens Court #7, Hampstead, New Hampshire.  At all times herein, GRS committed odometer fraud, as set forth herein.

5.       Defendant, Import Exchange, Inc. ("Import") is an Illinois corporation with its principal place of business located at 19118 104th Ave, Mokena, Illinois.  At all times herein, Import committed odometer fraud, as set forth herein.

## II.      JURISDICTION AND VENUE

6.       This Court has federal question jurisdiction, as these claims are brought based upon Defendants' violations of federal law at 49 U.S.C. Section 32701 et seq., which specifically permits that " a person may bring a civil action to enforce a claim under this section in an appropriate United States district court or in another court of competent jurisdiction." Pursuant 49 U.S.C. Section 32710(b).

7.      Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. because the Defendants have been conducting business in the State of Illinois. Accordingly, as set forth herein, a substantial part of the events or omissions giving rise to the claims asserted herein emanate from and occur in, this District.

III.      ODOMETER ACT

8.      The National Highway Traffic Safety Administration ("NHTSA") estimates that more than 450,000 vehicles are sold each year with false odometer readings. This crime costs American car buyers more than $1 billion annually. See www.nhtsa.gov/equipment/odometer-fraud.

9.      According to the United States Justice Department:

Odometer fraud is a pernicious crime that robs thousands of dollars from each victim it touches... The television news magazine *60 Minutes* once characterized it as the largest consumer fraud in America. Victims of this fraud are commonly the least able to afford it, since buyers of used cars include large numbers of low income people. In addition, consumers generally are unaware of being victimized.

In addition to the cosmetic 'reconditioning' of the car, the odometer tamperer 'reconditions' paperwork. Automobile titles include a declaration of mileage statement to be completed when ownership is transferred. To hide the actual mileage that is declared on the title when the car is sold to an odometer tamperer, the tamperer must take steps to conceal this information. These steps vary from simple alteration of mileage figures, to creating transfers to fictitious 'straw' dealerships to make it unclear who was responsible for the odometer rollback and title alteration. Alternatively, the odometer tamperers frequently destroy original title documents indicating high- mileage, and obtain duplicate certificates of title from state motor vehicle departments, upon which the false, lower mileage figures are entered.

*See* https://www.justice.gov/civil/case/federal-odometer-tampering

statutes.

10.      While fraud in the sale of an automobile has always been actionable, Congress addressed odometer fraud, in particular, in 1972 by passing the first iteration of The Motor

Vehicle Information and Cost Savings Act, then codified at 15 *U.S.C.* § 1981 *et seq.* That

original Act was recodified, with nominal changes, in 1994 at 49 *U.S.C.* § 32701 *et seq.* (the

"Odometer Act").

11.     Congress succinctly set forth its findings and the purposes of the Odometer Act:

§ 32701. Findings and purposes

      a) Findings. Congress finds:
      1.      buyers of motor vehicles rely heavily on the odometer reading as an index of the
condition and value of a vehicle;
      2.      buyers are entitled to rely on the odometer reading as an accurate indication of
the mileage of the vehicle;
      3.      an accurate indication of the mileage assists a buyer in deciding on the safety
and reliability of the vehicle; and
      4.      motor vehicles move in, or affect, interstate and foreign
commerce.

      b) Purposes. The purposes of this chapter are
      1.      to prohibit tampering with motor vehicle
odometers; and
      2.      to provide safeguards to protect purchasers in the sale of motor vehicles with
altered or reset odometers.

12.     Though meant to be interpreted broadly in its reach, the language of the Odometer Act

is exceedingly concise and straightforward:

13.  § 32703. Preventing tampering

      A person may not
      1.      advertise for sale, sell, use, install, or have installed, a device that makes an
odometer of a motor vehicle register a mileage different from the mileage the vehicle was
driven, as registered by the odometer within the designed tolerance of the manufacturer
of the odometer;
      2.      disconnect, reset, alter, or have disconnected, reset, or altered, an odometer of a
motor vehicle intending to change the mileage registered by the odometer;
      3.      with intent to defraud, operate a motor vehicle on a street, road, or highway if the
person knows that the odometer of the vehicle is disconnected or not operating; or

4.      conspire to violate this section or section 32704 or 32705 of this title.

14.     The Odometer Act goes on to clearly state:

§ 32704. Service, repair, and replacement

a.      Adjusting Mileage. A person may service, repair, or replace an odometer of a motor vehicle if the mileage registered by the odometer remains the same as before the service, repair, or replacement. If the mileage cannot remain the same

1.      the person shall adjust the odometer to read zero; and

2.      the owner of the vehicle or agent of the owner shall attach a written notice to the left door frame of the vehicle specifying the mileage before the service, repair, or replacement and the date of the service, repair, or replacement.

15.     The Odometer Act continues, in pertinent part:

§ 32705. Disclosure requirements on transfer of motor vehicles

(1) Disclosure Requirements. Under regulations prescribed by the Secretary of Transportation that include the way in which information is disclosed and retained under this section, a person transferring ownership of a motor vehicle shall give the transferee the following written disclosure:

A.      Disclosure of the cumulative mileage registered on the odometer.

B.      Disclosure that the actual mileage is unknown, if the transferor knows that the odometer reading is different from the number of miles the vehicle has actually traveled.

(2)     A person transferring ownership of a motor vehicle may not violate a regulation prescribed under this section or give a false statement to the transferee in making the disclosure required by such a regulation.

16.     Unlike the other sections of the Odometer Act, § 32705 requires an affirmative disclosure by the transferor. The NHTSA promulgated a rule at 49 *C.F.R.* 580.17, holding that

certain vehicles are exempt from such disclosures, based upon the age and size of the vehicle.

No such exception applies here, because Defendants altered the vehicle odometers to display a

false mileage. Moreover, any such exemption does not apply to § 32703 or §

32704.

17.     Under the Odometer Act, a defrauded purchaser may sue "not only the immediate

seller but any other persons in the chain of title" who may have been involved in the

fraud.

18.     Section 32710. Civil actions by private
persons

a.      Violation and Amount of Damages. A person that violates this chapter or a regulation
prescribed or order issued under this chapter, with intent to defraud, is liable for 3 times the
actual damages or $10,000, whichever is greater.

b.      Civil Actions. A person may bring a civil action to enforce a claim under this section in
an appropriate United States district court or in another court of competent jurisdiction. The
action must be brought not later than 2 years after the claim accrues. The court shall award costs
and a reasonable attorney's fee to the person when a judgment is entered for that person.

IV.     <u>BACKGROUND</u>

19.     That Plaintiff Miquel Sanchez is the owner of All Zion's Towing.  Mr. Sanchez decided

he needed to upgrade the equipment and decided to purchase/lease a tow truck to better serve his

customers.  After conducting a thorough internet search Plaintiff located the vehicle in question,

which was available for purchase from Defendant GRS Recovery.

20.     The vehicle ("Vehicle") in question in this matter that the odometer was tampered with is

a 2020 Ford Truck F-550 Wrecker, with a VIN number of 1FDOX5HT3LEE53877.

21.     That on November 14, 2023, Plaintiffs leased the vehicle from Beacon Funding

Corporation.  Beacon agreed to finance the acquisition.  The terms required a $3,698.00 initial

payment and sixty-six monthly payments of $2,740.00 per month. A copy of the Equipment

Lease Approval is marked as Exhibit A, incorporated by reference herein and made a part hereof.

22.    That on or about October 4, 2023 Byline, by and through its agent Tom White signed an Assignment of Title on the State of Illinois Certificate of Title to Import. On said date, Mr. White certified and it was reported that the mileage was listed as 9820 miles. A copy of the Certificate of Title of a Vehicle, is marked as Exhibit B, incorporated by reference herein and made a part hereof.

23.    That on or about October 5, 2023 Import by and through its agent, Pat Novy executed a transfer via the Certificate of Title to GRS Recovery, on said date it was reported that the mileage was listed as 9821 miles.

24.    That on or about November 14, 2023, Kevin Garcia, as agent for and on behalf of GRS Recovery, LLC executed a State of New Hampshire Registered Owner's Assignment/Dealer Reassignment of Title to a Motor Vehicle, which reflected mileage of 9823. A copy of which is marked as Exhibit C, incorporated by reference herein and made a part hereof.

25.    That the disclosures, however, were false, in that it stated an inaccurate odometer reading for the Vehicle.

26.    That on or about December 20, 2023, Plaintiff presented the Vehicle to Al Piemonte Ford to install the FDRS to get the actual mileage. Upon inspection, it was determined that the mileage reflected on the odometer of 11,314 miles was actually 55,413 miles.

27.    At all times herein, the Defendants never acknowledged in the odometer disclosure that the odometer display of the Vehicle was "Not Actual Miles (Not Actual)," or that the the mileage stated is in excess of its mechanical limits. Defendants did not make those required acknowledgements because it would have severely affected the value of the Vehicle and would

have been reflected in the history of the vehicles (i.e., it would appear on the CarFax reports).

28. Once Defendants sold the Vehicle at vastly inflated prices, the profits from the sale would be Defendant's sole proceeds.

29. In furtherance of this scheme, Defendants, with the knowledge and assistance of its agents, misrepresented the actual odometers on the Vehicle. There was no valid reason for this misrepresentation of the odometers on the Vehicle, other than to perpetuate and to commit odometer fraud.

30. Defendants knew, or had reason to know, that the mileage indicated on the odometer of the Vehicle was not the actual mileage traveled by the vehicles. Defendants had an affirmative duty to take reasonable steps to discover the actual mileage and inform Plaintiffs and other end consumers of the actual mileage, or to disclose to Plaintiffs and other end consumers in writing that the actual mileage of the Vehicle was unknown.

31. At all times herein, Defendants acted knowingly and with the intent to defraud Plaintiffs and other end consumers, or with reckless disregard of the fact that Plaintiffs and other end consumers were being defrauded

32. This intentional subterfuge allowed the Vehicle to be sold for substantially more than they were worth. Defendants are all experienced and sophisticated enough to know, and had a duty to inquire and disclose, that the vehicles with misrepresented odometers were being sold for much more than they were worth.

33. Defendants also knew, or could easily determine, that the Vehicle with misrepresented odometers had been driven many more miles than indicated on their odometers, through detailed maintenance records or analysis with commercial diagnostic tools, such as engine

scans all of which would accurately disclose the actual miles on the Vehicle.

V.    CLAIMS

COUNT I
(Odometer Fraud Against All Defendants)
Violation of 49 U.S.C. Sections 32703, 32704, 32705 and relief under 49 U.S.C. Section 32710

34.    Plaintiffs repeat and re allege all of the foregoing.

COUNT II
(Unjust Enrichment Against GRS Recovery)

35.    Plaintiffs repeat and re allege all of the foregoing.

36.    Plaintiffs conferred a benefit on Defendant, GRS by leasing the Vehicle through Beacon Funding for substantially more money than the Vehicle was worth, due to Defendant, GRS' misrepresentation of the odometer and not disclosing or providing the actual mileage.

37.    Defendant GRS unjustly profited from the sale of the Vehicle at an inflated price as a result of the misrepresentation and knowing omission regarding the mileage of the Vehicle.  It would be inequitable for Defendant GRS to retain their ill-gotten profits without paying the the value thereof to the Plaintiffs.

38.    As a direct and proximate result of Defendant GRS' misrepresentation and knowing omission regarding the mileage of the Vehicle, Defendant GRS reaped ill-gotten gains, benefits, and profits and they have been unjustly enriched at the expense of the Plaintiffs.

39.    Plaintiffs are entitled to restitution of the amount of Defendant, GRS' ill-gotten gains, benefits, and profits, including interest resulting from Defendant's unlawful, unjust and inequitable conduct.  Defendant GRS must disgorge their ill-gotten gains, benefits, and profits, including interest, to Plaintiffs.

VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Honorable Court:

a.      Declaring the practice illegal and enjoin the illegal practice complained of;

b.      Declaring that Defendants have violated the Odometer Act, being unjustly enriched;

c.      Award Plaintiffs damages to which they are entitled;

d.      Award the Plaintiffs' expenses of litigation and costs;

e.      Award Plaintiffs' attorneys their fees;

Date:   June 27, 2024

By:  /s/ Jeffrey M. Isaacson
       Jeffrey M. Isaacson

Law Office of Jeffrey M. Isaacson
2033 N. Milwaukee Ave #105
Deerfield, Illinois 60015
(312) 523-9636
lawofficejmi@gmail.com
Attorney Number 6201351
Attorney for Plaintiffs