FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MIGUEL SANCHEZ, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) 24-cv-5519 |
| v. | ) |
| | ) Judge Jeffrey I. Cummings |
| **GRS RECOVERY, LLC, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

Plaintiffs Miguel Sanchez and All Zion's Towing bring this action against defendants GRS Recovery, LLC, Import Exchange, Inc., and Byline Automotive, alleging odometer fraud in violation of the Federal Odometer Act, 49 U.S.C. §32701, *et seq.*, in connection with plaintiffs' purchase of a truck from defendant GRS Recovery. Defendants GRS Recovery and Import Exchange now move to dismiss plaintiffs' amended complaint, (Dckt. #19), for failure to state a claim under Rule 12(b)(6).[1] (Dckt. ##21, 22). For the reasons set forth below, defendant GRS Recovery's motion to dismiss, (Dckt. #21), is denied, and defendant Import Exchange's motion to dismiss, (Dckt. #22), is granted without prejudice and with leave to re-plead.

**I.    LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering a motion to dismiss under Rule 12(b)(6), the Court

---

[1] According to plaintiffs, defendant Byline is a dissolved Illinois Corporation, (Dckt. #19 ¶3), which plaintiffs served on August 28, 2024. (Dckt. #10). To date, Byline has not appeared and thus has not joined in defendants' motions.

construes "the complaint in the light most favorable to the [non-moving party] accepting as true all well-pleaded facts and drawing reasonable inferences in [the non-moving party's] favor." *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013). Dismissal of an action under Rule 12(b)(6) is "warranted only if no relief could be granted under any set of facts that could be proved consistent with the allegations." *Christensen v. Cnty. of Boone*, 483 F.3d 454, 458 (7th Cir. 2007).

When resolving a motion under Rule 12(b)(6), "in addition to the allegations set forth in the complaint itself," the Court may consider, "documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). Indeed, it is "well-settled in this circuit that documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [its] claim." *Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 895 (7th Cir. 2018) (cleaned up); *Kuebler v. Vectren Corp.*, 13 F.4th 631, 636 (7th Cir. 2021) (same, citing cases).

## II. BACKGROUND

The relevant allegations of plaintiff's amended complaint, (Dckt. #19), are as follows:

Plaintiff Miguel Sanchez is the owner of plaintiff All Zion's Towing. (*Id*. ¶19). At some point, Sanchez decided he needed to upgrade his equipment and purchase/lease a tow truck to better serve his customers. (*Id*.).

On October 4, 2023, defendant Byline Automotive, through its authorized agent Tom White, signed an Assignment of Title on the State of Illinois Certificate of Title for a 2020 Ford Truck F-550 Wrecker (the "Vehicle") to defendant Import Exchange. (*Id*. ¶22; Dckt. #19-1 at 5). At that time, the Vehicle's mileage was listed as 9820 miles. (*Id*.). The next day, on October 5,

2023, Import Exchange, by and through its authorized agent Pay Novy, executed a transfer of the Vehicle via the Illinois Certificate of Title to defendant GRS Recovery. (*Id.* ¶23; Dckt. #19-1 at 6). At that time, the Vehicle's mileage was listed as 9821 miles. (*Id.*).

On November 6, 2023, defendant GRS Recovery advertised the Vehicle for sale on Instagram and on its website with the caption "LOW LOW MILES 9K." (Dckt. #19 ¶23; Dckt. #19-1 at 8). Sanchez then located the Vehicle after conducting a thorough internet search, and subsequently had telephone and e-mail communications with GRS Recovery, through its agent Kevin Garcia. (Dckt. #19 ¶25). During those conversations, Garcia represented to Sanchez that the Vehicle's mileage was "9000 miles and [it was] in great shape." (*Id.*).

Ultimately, plaintiffs leased the Vehicle through Beacon Funding Corporation, which agreed to finance the acquisition. (*Id.* ¶21). The terms of the lease required a $3,698 initial payment and sixty-six monthly payments of $2,740 per month. (*Id.*). On November 14, 2023, in accordance with the lease, Garcia, as an authorized agent for GRS Recovery, executed a State of New Hampshire Assignment of Title for the Vehicle to Beacon as lessor and All Zion's Towing as lessee. (*Id.* ¶26; Dckt. #19-1 at 10). That assignment listed the Vehicle's mileage as 9823. (Dckt. #19-1 at 10). According to plaintiffs, however, this mileage was false. (Dckt. #19 ¶27).

On December 20, 2023, plaintiffs presented the Vehicle to Al Piemonte Ford "to install the FDRS to get the actual mileage." (*Id.* ¶28). Upon inspection, it was determined that the mileage reflected on the odometer (by then, 11,314 miles) was actually 55,413 miles and that "miles were rolled back." (*Id.*; Dckt. #19 at 12).

### III. ANALYIS

In their two-count complaint, plaintiffs assert claims for violations of the Odometer Act against all defendants (Count I) and unjust enrichment against GRS Recovery only (Count II).

3

Defendants GRS Recovery and Import Exchange have now moved to dismiss the complaint, arguing that plaintiffs have failed to sufficiently plead their claims.[2]

### A. Count I – The Federal Odometer Act

The Federal Odometer Act "requires a person transferring ownership of a motor vehicle to provide the transferee with a written '[d]isclosure of the cumulative mileage registered on the odometer,'" *Tamburo v. Elite Auto Credit, Inc.*, No. 18-CV-03169, 2020 WL 2745984, at *3 (N.D.Ill. May 27, 2020), *quoting* 49 U.S.C. §32705(a)(1)(A), and further prohibits, *inter alia*, the tampering of the odometer intending to change the mileage. 49 U.S.C. §32703. The Act creates a civil cause of action against any person who violates its provisions "with intent to defraud." 49 U.S.C. §32710(a).

To prevail on a claim under the Odometer Act, a plaintiff "must demonstrate two essential elements: (1) a violation of the Act's odometer disclosure requirements (*i.e.*, the providing of an inaccurate odometer reading), and (2) an intent to defraud." *Tamburo*, 2020 WL 2745984, at *3, *quoting Diersen v. Chi. Car Exch.*, 110 F.3d 481, 487 (7th Cir. 1997). "Based on the intent to defraud requirement, courts have held that Fed.R.Civ.P. 9(b) applies to pleading Odometer Act claims." *Baxter v. Kawasaki Motors Corp., U.S.A.*, No. 07 C 6745, 2008 WL 8901361, at *2 (N.D.Ill. July 17, 2008); *see also Tepper-Barak v. JM Auto, Inc.*, No. 16-CV-61876, 2016 WL 6082358, at *2 (S.D.Fla. Oct. 18, 2016). Under the heightened federal pleading standard of Rule 9(b), a plaintiff "alleging fraud must state with particularity the circumstances constituting fraud." *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 569 (7th Cir.

---

[2] The Court notes that defendant Import Exchange answered plaintiffs' original complaint. However, with certain exceptions not applicable here, "answering the original complaint does not waive a defendant's right to move to dismiss an amended complaint." *Noe v. Ray Realty*, No. 19CV1455JHRRFT, 2023 WL 9006285, at *2 (S.D.N.Y. Dec. 27, 2023).

2012) (cleaned up). In particular, plaintiffs are required to plead in detail the "who, what, when, where, and how" of the circumstances constituting the fraud. *Id.* The purpose of Rule 9(b) is "to ensure that the party accused of fraud . . . is given adequate notice of the specific activity that the plaintiff claims constituted the fraud so that the accused party may file an effective responsive pleading." *Lachmund v. ADM Investor Serv., Inc.*, 191 F.3d 777, 783 (7th Cir. 1999).

Here, plaintiffs have sufficiently pled their Odometer Act claim against defendant GRS Recovery. Indeed, plaintiffs have alleged that GRS Recovery disclosed an inaccurate mileage to plaintiffs (as evidenced by the subsequent report from Al Piemonte Ford, which the Court must accept as true) on Instagram; in its website advertisement; in e-mail and telephone conversations with Sanchez; and in the odometer disclosure in its sale of the Vehicle to plaintiffs. These allegations undoubtedly satisfy the who, what, where, and when required under Rule 9(b). Moreover, with respect to the intent to defraud element, plaintiffs have alleged that: (1) GRS Recovery made the inaccurate disclosures "intentionally . . . to induce Plaintiff to purchase/lease the Vehicle;" (2) the inaccurate disclosures "allowed the Vehicle to be sold for substantially more than [it] was worth;" and (3) there was no "valid reason for the misrepresentation of the odometer[] on the Vehicle, other than to perpetuate and to commit odometer fraud." (Dckt. #19 ¶¶25, 31, 34).

Taken together, all of this is sufficient to state a claim under the Odometer Act against GRS Recovery. *See, e.g., RKR Motors, Inc. v. Perez*, No. 23-60819-CIV, 2024 WL 5103639, at *4 (S.D.Fla. Nov. 5, 2024) ("The specific allegations present in Count II that establish the intent to defraud element include Plaintiff's allegation that Defendants willfully violated the Federal Odometer Act . . . with intent to cause damages to the Plaintiff . . . and that [Defendants] knowingly violated [the Act] by falsely stating that the [vehicle's] mileage was actual and

5

accurately reflected on the odometer at the time of sale of the vehicle to Plaintiff") (cleaned up); *Pigounakis v. Autobarn Motors*, No. 98 C 5741, 1999 WL 754927, at *1 (N.D.Ill. Sept. 3, 1999) (plaintiff stated a claim under the Act where he pled, *inter alia*, that defendant "knowingly misrepresented the mileage . . . in an attempt to evade potential future liability for their misrepresentations concerning the mileage."). Of course, whether plaintiffs can prove any claim against GRS Recovery under the Odometer Act is for another day. *See, e.g.*, *Jones v. Hanley Dawson Cadillac Co.*, 848 F.2d 803, 808 (7th Cir. 1988) ("[M]ere negligence cannot be the basis for civil liability under the Odometer Act"); *Tamburo*, 2020 WL 2745984, at *4 (granting summary judgment where plaintiff had "not pointed to any evidence that [defendant] was aware that the car's true mileage was under 97,000 miles.").[3]

However, the Court cannot reach the same conclusion with respect to defendant Import Exchange. As Import Exchange argues, although plaintiffs impermissibly attempt to lump the alleged conduct and fraudulent actions of all the defendants together, the *only* specific allegation as to Import Exchange's conduct is that on October 5, 2023, Import Exchange, through its agent, transferred the title for the vehicle to defendant GRS Recovery, and noted the mileage as 9821 miles. (Dckt. #19 ¶23). This allegation falls short of the heightened pleading standard required under Rule 9(b) because "the first paragraph of [the] newspaper story" remains missing as to Import Exchange. *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

---

[3] Defendants also argue that any claims for violation of the Act for improperly altering, servicing, repairing or replacing the odometer must be dismissed because plaintiffs did not plead that defendants took any such actions with respect to the Vehicle. However, defendants waived this argument by raising it for the first time in their reply. *See, e.g., Dye v. United States*, 360 F.3d 744, 751 n.7 (7th Cir. 2004).

For these reasons, defendant GRS Recovery's motion to dismiss is denied with respect to Count I. Defendant Import Exchange's motion to dismiss Count I is granted without prejudice and with leave to replead.

### B. Count II – Unjust Enrichment

Again, in Count II, plaintiffs assert a claim for unjust enrichment solely against GRS Recovery. In its motion to dismiss, GRS Recovery seeks dismissal of this claim, arguing only that the claim rises and falls with plaintiffs' Odometer Act claim. *See Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011) ("[U]njust enrichment will stand or fall with the related claim."). However, because plaintiffs' claim of fraud under the Odometer Act has survived defendant GRS Recovery's motion to dismiss, so too does the claim for unjust enrichment. The Court thus denies GRS Recovery's motion to dismiss with respect to Count II.

### CONCLUSION

For the foregoing reasons, defendant GRS Recovery's motion to dismiss, (Dckt. #21), is denied. Defendant Import Exchange's motion to dismiss, (Dckt. #22), is granted and plaintiffs' claims against Import Exchange are dismissed without prejudice and with leave to replead to the extent plaintiffs can do so in accordance with Rule 11. Any amended complaint must be filed by September 17, 2025.

**DATE: August 28, 2025**

**Jeffrey I. Cummings**
**United States District Court Judge**

7